588

Robert MACHT, et al., Plaintiffs,

v.

Samuel K. SKINNER, et al.,
Defendants.

Civ. A. No. 89–1161.

United States District Court,
District of Columbia.

Dec. 14, 1989.

See also, D.C., 715 F.Supp. 1131.

Joseph J. McGovern, Beth Anne Smith, Baskin Flaherty Elliot & Mannino, P.C., Philadelphia, Pa., for plaintiffs.

Mark E. Nagel, Asst. U.S. Atty., Washington, D.C., Mark D. McCurdy, Office of the Atty. Gen., Baltimore, Md., for defendants.

ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Plaintiffs' Emergency Motion to Vacate Protective Order.

On November 27, 1989 this Court entered a Protective Order in favor of the State Defendants providing that they were not required to produce documents relating to the cost-effectiveness of the Central Light Rail Project in response to a subpoena duces tecum served on Maryland Department of Transportation Secretary Richard H. Trainor.

The Plaintiffs contend that this Court should vacate its November 27, 1989 Protective Order on the ground that the State Defendants misrepresented to the Court the burdensomeness of responding to the subpoena duces tecum. The Plaintiffs argue that the burdensomeness of producing the documents is belied by the fact that on November 30, 1989, one day after argument on dispositive motions in this matter, Defendant Trainor disclosed to the Maryland General Assembly that the Project is nearly 50% over budget. The Plaintiffs argue that in order for Defendant Trainor to release such information the Defendants necessarily must have had information on the cost-effectiveness of the project readily accessible.[1]

The problem with Plaintiffs' motion is that it erroneously presumes that the premise of this Court's November 27, 1989 Protective Order was solely to protect the State Defendants from the burden of responding. However, the fundamental basis of the Protective Order was to keep discovery within the original confines established by the Plaintiffs:

This Court's October 30, 1989 Order was not intended to expand the scope of Plaintiffs' original discovery *and any*

1. There is no basis in the record for Plaintiffs' assertion that "reams of documents relating to cost-effectiveness [are] at hand." Moreover, this Court does not find that the report of cost-overruns on the Project relates to cost-effectiveness studies. A cost-effectiveness study is an evaluation which entails more than simply an identification of the cost of the project but a number of factors which are included in indices identified by Defendants as "user benefit index" and "new trip index." There is no evidence that these cost-overruns have been factored into any previous cost-effectiveness study or have generated any new cost-effectiveness studies. However, as discussed above, even assuming that the cost-overruns are related to the cost-effectiveness studies, the Plaintiffs are not entitled to have this Court's Protective Order vacated.

*additional document requests are unwarranted unless the Plaintiffs can specifically identify documents which were within the scope of the original request* and should have been disclosed but which Plaintiffs learned of only as a result of the depositions.

Plaintiffs have made no representation in any of their pleadings that documents relating to the issue of cost-effectiveness are within the scope of their original discovery request.[2] Although discovery needs may of course change as a matter progresses, there is no basis in the record for Plaintiffs' last-minute broadening of the scope of discovery. Plaintiffs have failed to address the issue why at this last stage of litigation cost-effectiveness is any more relevant than it would have been at the time the Plaintiffs drafted their original document request.

Plaintiffs beg the question when they contend that they did not know that the issue of cost-effectiveness was relevant until the Defendants belatedly released a document entitled "Maryland Department of Fiscal Services' Preliminary Analysis of the Light Rail Project" and until the Plaintiffs learned of the cost-overruns of the Project through the public media. Although the Plaintiffs may believe that this recent knowledge makes the issue of cost-effectiveness more compelling, it goes to the weight of the issue and not its relevancy. If the Plaintiffs in fact believed that cost-effectiveness of the Project was an issue relevant to the resolution of this matter then their original discovery requests should have been so structured and the Plaintiffs may have received the very information that they are now belatedly seeking; this is precisely the purpose of discovery. That the Plaintiffs may have miscalculated the weight that the issue of cost-effectiveness would carry in the adjudication of this matter, and accordingly failed to seek discovery on it in the first instance, are not grounds for reopening discovery at the final stage of this litigation where the Plaintiffs have failed to explain their ex-

traordinary delay in defining this issue in discovery and have failed to show how reopening discovery would not prejudice the Defendants.

Accordingly, it is hereby

ORDERED that Plaintiff's Emergency Motion to Vacate Protective Order is DENIED.

---

**2.** Indeed, if documents relating to the issue of cost-effectiveness were within the scope of the Plaintiffs' original discovery request then their motion to vacate this Court's Protective Order would be unnecessary because the Protective Order by its express terms does not encompass the original discovery request.